IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

    Plaintiff,

v.    No. 1:22-cv-00522 MIS/SCY

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## HOLDING IN ABEYANCE DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' Partial Motion to Dismiss ("Motion"), ECF No. 25. Plaintiff responded, and Defendants replied. ECF Nos. 27, 31. Defendants also submitted a Notice of Supplemental Authority, and Plaintiff responded. ECF Nos. 35, 36. Having considered the parties' submissions, the record, and the relevant law, the Court will **HOLD** the Motion **IN ABEYANCE** pending the resolution of Plaintiff's impending Second Motion to Amend the Complaint.

## BACKGROUND

This case arises from injuries Plaintiff allegedly suffered while he was a prisoner at the New Mexico Penitentiary located in Santa Fe. ECF No. 1-2 at 2. Plaintiff filed his complaint ("Original Complaint") in state court on April 8, 2022, claiming violations of his rights under state and federal law. *Id.* at 1, 12–39. Defendants removed the case to this Court on July 14, 2022. ECF No. 1 at 1

On August 5, 2022, prior to Defendants' filing a responsive pleading, Plaintiff filed his First Motion to Amend Complaint ("Motion to Amend"). ECF No. 10. In his Motion to

Amend, Plaintiff stated that he had "decided to withdraw several of the claims in his original complaint with the tender of the first amend[ed] complaint." *Id.* at 1. Plaintiff therefore asked for "leave to file his First Amended Complaint." *Id.* at 3. As is required by Local Rule 15.1, Plaintiff included a copy of his proposed amended complaint. *See* ECF No. 10-1; *see also* D.N.M.LR-Civ. 15.1.

As the Motion to Amend was unopposed, on August 16, 2023, the Court entered a Stipulated Order Granting Plaintiff's First Motion to Amend Complaint (the "Stipulated Order"). ECF No. 13. In the Stipulated Order, the Court also set a deadline of October 4, 2022 for Defendants to file a responsive pleading. ECF No. 13 at 1–2. The Stipulated Order did not either deem the Plaintiff's proposed First Amended Complaint filed or provide a deadline by which Plaintiff was to file it on the docket. *See generally id.*

Plaintiff did not file his First Amended Complaint on the docket, and on August 21, 2022—less than a week after the Court had entered its Stipulated Order—Plaintiff filed a Notice of Withdrawal of Request to File Amended Complaint ("Notice of Withdrawal"). *See* ECF No. 14. On August 24, 2022, Defendants' counsel asked Plaintiff's counsel whether Plaintiff would be filing a new motion to amend, and on September 1, 2022, Plaintiff's counsel responded in the negative. ECF No. 25-2 at 1. The Court set a deadline for a second pre-answer motion to amend of September 13, 2022, which passed without Plaintiff filing such a motion. ECF No. 18 at 1.

On October 4, 2022, Defendants filed their Motion, arguing that the Court dismissed all claims from Plaintiff's Original Complaint when it granted Plaintiff's Motion to Amend. *Id.* at 5–6. Defendants contend that all of Plaintiff's claims except his Eighth and Fourteenth Amendment claims have been dismissed. ECF No. 25 at 5–6. Defendants

2

nonetheless address the claims from Plaintiff's Original Complaint, arguing that even if the Court construes Plaintiff's Notice of Withdrawal as a second motion to amend by reverting back to the Original Complaint, such motion should be denied for futility as the counts of the Original Complaint are fatally flawed. *Id.* at 7.

## DISCUSSION

Defendants argue that the Court, in granting Plaintiff's Motion to Amend, allowed him to "withdraw several of the claims made in his original complaint" and that "[a]ny attempt to reinstate such claims should have been done . . . by a motion to amend." ECF No. 25 at 6. Defendants seem to suggest that the Court strike either the Original Complaint or the Notice of Withdrawal, maintaining that Plaintiff was required to file a new motion to amend rather than a notice of withdrawal, and arguing that "all claims set forth in the Original Complaint had been withdrawn." ECF No. 25 at 6. Plaintiff, meanwhile, points out that he "never filed his proposed [First] Amended Complaint notwithstanding that he was given permission to file such," and that he "gave notice to both the Court and Defendants of his decision to withdraw his request to Amend the Complaint." ECF No. 27 at 1. He also contends that the Court "never dismissed the [Original] Complaint . . . ." *Id.*

### I.  The Operative Complaint

The Court notes the Stipulated Order did not dismiss any particular counts, ECF No. 13, and the Motion to Amend merely requested "*leave* to file [Plaintiff's] First Amended Complaint," ECF No. 10 at 3 (emphasis added). The Court granted such leave. ECF No. 13 at 1. The Court, in its Stipulated Order, did *not* deem the proposed First Amended Complaint filed, and Plaintiff indeed did not file it. *See generally* ECF No. 13. That Plaintiff had originally included a proposed First Amended Complaint annexed to his Motion to

3

Amend is no clue as to whether his original intent was to request *the filing* of such document or merely *leave* to file, as such inclusion is required by the Local Rules. D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). Additionally, there is no evidence that Plaintiff served the new Defendants named in the proposed First Amended Complaint. Indeed, five days later, Plaintiff withdrew his request for leave to file the proposed First Amended Complaint. *See* ECF No. 14.

The Court agrees with Defendants that at the time Plaintiff made his first Motion to Amend, he was entitled to amend his complaint as a matter of law and did not require leave of either Defendants or the Court, as Defendants had yet to file a responsive pleading. *See* ECF No. 25 at 3; Fed. R. Civ. P. 15(a)(1)(B). To the extent that Plaintiff indicated in his Motion to Amend that he "ha[d] decided to withdraw several of the claims made in his original complaint," ECF No. 10 at 1, the Court finds that this was merely an indication of his rationale for filing the motion, as opposed to an immediately effective withdrawal of the claims without a properly filed replacement pleading. The Court further finds that given the speed with which Plaintiff withdrew his request for leave to amend, there is no prejudice to the Defendants in allowing Plaintiff to proceed this way. *See* ECF No. 17 at 3. The operative complaint therefore remains Plaintiff's Original Complaint, ECF No. 1-2.

## II.     Future Amendment

Plaintiff, who has changed counsel within the same firm since the filing of the original Motion to Amend, now states in his Response that he "intends to file a 'new Motion to Amend Complaint' to correct and modify his complaint." ECF No. 27 at 3. Defendants,

meanwhile, argue Plaintiff should not be allowed to amend, as he "has known of obvious deficiencies in his Complaint for a significant period of time and had the opportunity to correct them before Defendants filed a motion to dismiss, but obstinately chose not to do so." ECF No. 31 at 2. Defendants also take issue with Plaintiff's argument that he has obtained leave to amend "at some undetermined future point." *Id.* at 2.

Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave [to amend] when justice so requires." Here, Plaintiff concedes fatal flaws in various counts of his Original Complaint and abandons others. *See*, *e.g.*, ECF No. 27 at 4, 21, 27, 33. Defendants, meanwhile, contend in their Motion that Plaintiff has abandoned all but the "claims common to both the *Original* and the *Amended Complaints,* namely the federal claims brought pursuant to the Eighth and Fourteenth Amendments." ECF No. 25 at 6–7 (emphasis in original). Defendants' Motion therefore essentially attacks a pleading that *does not exist.*

The Court declines to either craft its own working version of Plaintiff's operative complaint, or wade through the parties' briefing to determine which claims are actually in controversy. Given the unique circumstances at play in this case, and for the sake of judicial efficiency, the Court will hold the instant Motion in abeyance and set a deadline of **April 28, 2023** for the filing of a second motion to amend by Plaintiff. **Any such motion shall be accompanied by an affidavit setting forth facts showing good cause and due diligence, including an explanation for any delays.**

The Court does, however, caution Plaintiff against further prevarication. If Plaintiff seeks to rely upon his Original Complaint, he shall file a notice to the Court to that effect

5

by the deadline. If Plaintiff fails to file a responsive notice by the deadline, the Court may dismiss his Original Complaint without further notice and close the case.

The parties may stipulate to resume discovery if desired; otherwise, the stay of discovery remains in effect unless lifted via separate order. *See* ECF No. 29 (staying the issuance of a Scheduling Order pending resolution of the instant Motion).

## CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss, ECF No. 25, is **HELD IN ABEYANCE** pending the resolution of Plaintiff's impending Second Motion to Amend the Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a Second Motion to Amend the Complaint or a responsive notice as outlined above, by **April 28, 2023**.

**IT IS SO ORDERED**.

*Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE