IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

      Plaintiff,

v.                                                                                                Civ. No. 22-522 MIS/SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

## ORDER

    This is before the Court on Defendants' Motion For Attorneys' Fees (Doc. 90) and Defendants' Second Motion For Attorneys' Fees (Doc. 113). In these motions, Defendants move for attorney's fees against Plaintiff's counsel, arguing Plaintiff's counsel has engaged in vexatious and multiplicitous litigation. In response to the second motion, Plaintiff's counsel argues that before awarding sanctions, a court must consider the offender's ability to pay, and then states:

> In that regard, as to both Ms. VanMeter's first Motion for Attorneys' Fees and Second Motion for Attorneys' Fees in this Court, Ms. Ayala asks that the Court read her Affidavit, ¶¶1-12 submitted under seal for in camera review at Exhibit 1 which references a number of other Exhibits submitted under seal for in camera review regarding Ms. Ayala's personal financial information in accordance with this Court September 5, 2024 Order [Doc. 120].

Doc. 121 at 21.

    Plaintiff's counsel submitted one filing under seal in conjunction with the response, Doc. 122, but does not explain the significance of this exhibit, which is not apparent on its face. Plaintiff's counsel did not include an affidavit or any other supporting exhibits. In addition, Defendants represent that Plaintiff's counsel did not serve them with a confidentiality log and request that the Court decline to consider the exhibits because of this failure. Doc. 123 at 10

n.10. A confidentiality log would also have been helpful to the Court in determining the significance of the exhibits and whether Plaintiff's counsel actually filed all the exhibits she intended the Court to consider.

     IT IS HEREBY ORDERED THAT by October 16, 2024 Plaintiff's counsel may file her affidavit and all other supporting exhibits she wishes the Court to consider ex parte under seal. Failure to provide supporting documentation by this deadline will result in the Court declining to consider ability to pay when ruling on the sanctions motions.

     IT IS FURTHER ORDERED THAT if Plaintiff's counsel files any further exhibits under seal, by October 16, 2024 Plaintiff's counsel shall also file, and make available to case participants only, a confidentiality log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE