IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

    Plaintiff,

v.       Civ. No. 22-522 MIS/SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

## ORDER SETTING AMOUNT OF ATTORNEYS' FEES

This matter is before the Court on Defendants' Motion For Attorneys' Fees (Doc. 90) and Defendants' Second Motion For Attorneys' Fees (Doc. 113). Regarding the first motion, Judge Strickland has already twice ordered that Plaintiff's counsel must pay the reasonable attorneys' fees Defendants incurred defending themselves against Plaintiff's counsel's vexatious litigation. Thus, I do not consider Plaintiff's counsel's arguments that she should not have to pay Defendants' attorneys' fees. Instead, I only consider the parties' arguments regarding whether the attorneys' fees Defendants request are reasonable. I find that the majority, but not all, of Defendants' requested fees in their first motion fall within Judge Strickland's sanctions order. Regarding Defendants' second motion for attorneys' fees, I find that the work for which Defendants seek compensation falls within Judge Strickland's sanctions order, although I reduce the amount Defendants request based on a duplicate entry. Having so found, I assess attorneys' fees in the amount of $13,614.35.

## BACKGROUND

Plaintiff is currently incarcerated by the New Mexico Corrections Department. His complaint brings four counts against the New Mexico Corrections Department and various

individual correction officers and administrators: (1) Eighth Amendment violation based on the use of excessive force; (2) Eighth Amendment violation based on the NMCD grievance system; (3) disability discrimination under the Rehabilitation Act; and (4) a First Amendment claim. Doc. 79 at 2.

This is not the first case Plaintiff has filed against these and similar defendants. As described by Judge Strickland, Plaintiff has filed a series of cases with duplicative claims. Doc. 79 at 5-7. Plaintiff has filed two ongoing cases before Judge Brack and Judge Urias involving similar or identical claims. In the case before Judge Brack, Plaintiff, after obtaining representation by counsel, moved to amend the complaint to include claims about the NMCD grievance process. *Vasquez v. Tafoya-Lucero* ("*Vasquez I*"), No. 20cv612 RB/DLM. Judge Brack denied the motion to amend as futile, but proceedings on other claims are ongoing. In the meantime, Plaintiff filed another case, pro se, which Judge Brack dismissed as duplicative. *Vasquez v. New Mexico Corrections Department* ("*Vasquez II*"), No. 21cv1064 RB/CG. The case before Judge Urias remains pending. *Vasquez v. New Mexico Corrections Department*, ("*Vasquez III*"), No. 22cv462 DHU/KK.

Plaintiff, again represented by counsel, filed yet another case, bringing nearly identical allegations about the grievance process as the instant case. This case was dismissed with prejudice on the merits by Judge Browning. *See Vasquez v. Tafoya-Lucero* ("*Vasquez IV*"), No. 22cv593 JB/DLM, Doc. 45 at 16-19 (Sept. 29, 2023).[1] Plaintiff appealed that order to the Tenth Circuit, and the appeal remains pending.

---

[1] This decision was issued as an Order, with a "Memorandum Opinion" to follow at a later date. No. 22cv593 JB/DLM, Doc. 45 at 1 n.1. That later Memorandum Opinion issued on August 29, 2024. Doc. 81. The Memorandum Opinion did not change the analysis or conclusion of the first Order.

In her Memorandum Opinion and Order granting Defendants' partial motion to dismiss and motion for qualified immunity Judge Strickland summarized Plaintiff's claims in the present case as follows:

> Plaintiff's claims regarding the grievance process—which have now been adjudicated by two separate Judges of the District of New Mexico and are pending before a third, not to include the undersigned—again make up much of his Third Amended Complaint in the instant case. Here, Plaintiff couples those claims with allegations regarding his assault at the hands of NMCD corrections officers and a First Amendment claim. Plaintiff requests various forms of relief, to include a declaratory judgment regarding NMCD's grievance process and the imposition of several injunctions on various Defendants. Defendants' Partial Motion to Dismiss invokes qualified immunity, as well as the doctrines of issue and claim preclusion, in moving to dismiss various parties and claims.

Doc. 79 at 7 (citation omitted). In this Memorandum Opinion and Order, Judge Strickland dismissed count I against some of the individual defendants on the basis of qualified immunity, *id.* at 9-15, dismissed count IV for failure to state a claim, *id.* at 20-21, and found that counts II and III were precluded by prior adjudication of identical claims, *id.* at 15-19. Judge Strickland then considered Defendants' request for fee shifting:

> It is well established that "the inherent powers of the district court extend to awarding as a sanction attorneys' fees to the opposing party 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 45 (1991) (citation omitted)). Counsel for Plaintiff has now attempted to file the same claims in four separate instances in the District of New Mexico, at times transparently copying claims from one suit to another. The undersigned Judge is now the third judge within this District to rule on Plaintiff's substantively identical claims, with claims still pending before Judge David H. Urias in Vasquez III. Plaintiff's repeated insistence on bringing dismissed claims has necessitated an extraordinary expenditure of both the Court and Defendants' limited time and resources.
>
> The Court finds this a paradigmatic example of the kind of vexatious litigation that justifies the shifting of costs and as such elects to award Defendants those costs incurred in defending against both Claims II *and* III in the present case, to be paid by counsel for Plaintiff.

*Id.* at 19.

Plaintiff's counsel filed a motion for reconsideration, arguing that she was not the counsel of record in earlier cases, and that another judge in the District has allowed similar claims brought by a different plaintiff to proceed. Doc. 80. Judge Strickland denied the motion, finding that Plaintiff's counsel filed and signed the relevant duplicate pleadings and that proceedings regarding a different plaintiff are not relevant to the duplication issue. Doc. 81. Defendants subsequently filed their First Motion for Attorneys' Fees, detailing the time spent defending against the duplicative claims. Doc. 90.

Plaintiff's counsel appealed the attorneys' fees order to the Tenth Circuit. After Judge Strickland denied a motion to certify the appeal under Federal Rule of Civil Procedure 54(b) (Doc. 108), the Tenth Circuit dismissed the appeal for lack of jurisdiction (Doc. 112). Defendants then filed a second motion for attorneys' fees requesting a further amount of fees for defending against certification of the appeal in this Court. Doc. 113. Judge Strickland referred to me both of Defendants' pending motions for attorneys' fees. Docs. 93, 114.

## DISCUSSION

A.  First Motion for Attorneys' Fees

Defendants request $14,483.95 in their First Motion for Attorneys' Fees. Doc. 90 at 24. In response, Plaintiff's counsel argues that she should not be sanctioned because when she took over as counsel in these five cases, she believed they would be consolidated, and the claims were duplicative only because Defendants opposed the motion to consolidate. Doc. 111 at 2-7. She also argues Judge Strickland's decision on issue preclusion was incorrect. *Id.* at 10. She argues that defense counsel's work was duplicative, that defense counsel bears "animus" towards her, and that fees should be assessed against defense counsel, not her. *Id.* at 11-15. As noted above, Judge Strickland has already awarded fees and so Plaintiff's counsel's arguments against

4

awarding fees are outside the scope of her referral. Therefore, I do not further consider arguments related to whether the Court should award fees.

Plaintiff's counsel next argues that Defendants should not be awarded fees for work performed in other cases. Doc. 111 at 8-9. I agree with this argument in the abstract. Judge Strickland awarded "those costs incurred in defending against both Claims II and III *in the present case*." Doc. 79 at 19 (emphasis altered). However, in practice, Plaintiff's counsel does not identify any billing submitted by Defendants that is unrelated to this case. I analyze each of Plaintiff's counsel's arguments in turn.

- Billing entries for "researching to see how [Defendants' counsel] could make an argument for issue preclusion." Doc. 111 at 8. On its face, issue preclusion research is relevant to the case at bar, and Plaintiff's counsel does not explain how it relates to other cases.

- Billing entries "in regard to the Third Amended Complaint." Doc. 111 at 9. Again, a billing entry for work to dismiss counts II and II in Plaintiff's Third Amended Complaint is work performed in the case at bar. Plaintiff's counsel does not explain how it relates to other cases.

- Billing entries for "seeking to set aside the order denying consolidation in 21-612 [Doc. 6]." Doc. 111 at 7. There is no such entry in Defendants' billing statement, Doc. 90-1, and Plaintiff's counsel does not provide a more specific cite.

- Billing entries seeking payment "in 22-462, indicating that there is issue preclusion." Doc. 111 at 9. Again, there is no such entry in the billing statement. In their reply, Defendants link this objection and Plaintiff's counsel's subsequent reference to "legal work done in 22-cv-462 [that] was cut and pasted and billed in this case." Doc. 116 at 8 (citing Doc. 111 at 11-12). "Defendants believe Plaintiff is referring to the August 30, 2023 billing entry which states: 'Vasquez 3: Cut and paste language into partial MTD SAC; Review for service and EOA issues.'" Doc. 116 at 8. To the extent Plaintiff's counsel's objection is directed at this entry, it is moot. Defendants wrote off this entry in the billing statement. Doc. 90-1 at 7.

- Billing entries seeking payment for "Research position Ayala has taken on QI in Montoya case." Doc. 111 at 9. Defendants explain that the research was applicable to both a different case (*Montoya*) and the present case. Doc. 116 at 8. The billing statement is reduced to 50% accordingly. Doc. 90-1 at 6. I find this is a reasonable approach for seeking fees related only to the work performed in this case.

5

Thus, I overrule Plaintiff's counsel's objection and find that, when considering the modifications Defendants made to their original billing statement, Defendants do not seek fees for work unrelated to the present case.

Finally, Plaintiff's counsel argues that the Court should consider the factors set out in *White v. General Motors Corp.*, 908 F.2d 675, 683-85 (10th Cir. 1990). This case assessed several factors a district court must consider in "when determining the monetary sanctions appropriate in a given case, all of which serve as limitations on the amount assessed." *White*, 908 F.2d at 684. Although *White* was a Rule 11 sanctions case, the parties agree the factors are relevant to sanctions imposed under the Court's inherent powers. Doc. 116 at 6 (citing *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015)). The factors are:

> First, the amount of fees and costs awarded must be reasonable. Second, the award must be the minimum amount reasonably necessary to deter the undesirable behavior. And third, because the principal purpose of punitive sanctions is deterrence, the offender's ability to pay must be considered. Depending on the circumstances, the court may consider other factors as well, including the extent to which bad faith, if any, contributed to the abusive conduct.

*Farmer*, 791 F.3d at 1259 (citations omitted).

The first factor imposes an independent duty on the part of the Court to evaluate the requested lodestar. *White*, 908 F.2d at 684. Defendants request hourly rates for attorneys of $165 for work in early 2023; $200 an hour for work in late 2023 through January 2024; $225 an hour for work in the remainder of 2024; and $80 an hour for paralegal work. These rates are below market for experienced attorneys and paralegals in New Mexico and are more than reasonable. As part of this independent duty imposed by the first *White* factor, I also must examine the hours billed. In so doing, I first consider the scope of Judge Strickland's order awarding attorneys' fees. Judge Strickland found issue preclusion to apply based on the entry of Judge Browning's first order in *Vasquez VI*. Doc. 18 ("Given Judge Browning's dismissal of Plaintiff's identical

6

claims in *Vasquez IV*, all four elements of issue preclusion thus apply to Claims II and III . . . ."). Judge Browning entered this order on September 29, 2023. Accordingly, Judge Browning's order could not have precluded further litigation of the issues he decided in his September 29, 2023 order until after September 29. Therefore, I find sanctions are appropriate only for Defendants' work defending against counts II and III that Defendants performed after September 29, 2023. So limiting Defendants' award also complies with *White*'s mandate in its second factor that a court should award only the minimum amount reasonably necessary to deter the undesirable behavior. The amount Defendants request for work performed before Judge Browning's September 29, 2023 Order is $5,203.13 ($4,834.50 plus gross receipts tax). For the reasons stated in this paragraph, I deny Defendants' request for such fees.

Moving to the third *White* factor, Plaintiff's counsel contends she does not have the ability to pay the sanctions Defendants request. Doc. 111 at 11. A district must consider "[t]he offender's ability to pay . . ., not because it affects the egregiousness of the violation, but because the purpose of monetary sanctions is to deter attorney and litigant misconduct." *White*, 908 F.2d at 685. Of course, "a bald assertion that [the offenders] are on the verge of financial collapse is plainly insufficient to establish an inability to pay." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1160 (10th Cir. 1991). Even a sworn affidavit with this assertion is insufficient. *Id.* To avoid full payment of this sanction, offenders must "come forward with evidence of their financial status." *White*, 908 F.2d at 685. In her response to the first motion, Plaintiff's counsel does not elaborate on her ability to pay. Accordingly, consideration of the third *White* factor provides no reason to further reduce the amount of fees Defendants request.

7

Defendants' First Motion for Attorneys' Fees is granted in part. Plaintiff's counsel shall pay the sum of $9,280.82 to Defendants within 30 days of the date of this order, absent a request for a reasonable extension of time.

B.    Second Motion for Attorneys' Fees

After Plaintiff filed a notice of appeal and moved for certification of the appeal under Rule 54(b), Defendants filed a motion for further fees in defending against these filings. Doc. 113. I find that defending against certification of the appeal of the order dismissing counts II and III is encompassed within Judge Strickland's award of "costs incurred in defending against both Claims II *and* III in the present case." Doc. 79 at 19.

Plaintiff's counsel's does not argue otherwise. Rather, her opposition to the second motion is largely repetitive of her opposition to the first motion, arguing that defense counsel multiplied the proceedings by opposing consolidation of the *Vasquez* cases, that defense counsel has animus against Plaintiff's counsel, and that defense counsel should be sanctioned. *See generally* Doc. 121. As noted above, Judge Strickland has already decided that fees should be awarded. As a result, I do not further consider Plaintiff's counsel's arguments that fees should not be awarded at all.

Plaintiff's counsel also argues that Defendants' billing statement includes work performed before the Tenth Circuit and notes that the Tenth Circuit denied Defendants' motion for sanctions. Doc. 121 at 9. After reviewing the billing statement, however, I find that Defendants have sought fees only for work performed in this Court, not the Tenth Circuit. I therefore overrule this objection.

Next, Plaintiff's counsel argues that neither the appeal nor the motion for certification were frivolous. Doc. 121 at 14. The question before me, however, is not whether these filings were frivolous but whether work defending against these filings is encompassed within Judge

8

Strickland's order granting sanctions. As noted above, Defendants have sought fees only for work performed in this Court, not for work before the Tenth Circuit. Thus, I conclude Judge Strickland's order (Doc. 79) encompasses the attorneys' fees at issue in Defendants' second motion for attorneys' fees.[2]

Finally, Plaintiff's counsel argues that the Court must consider her ability to pay before awarding sanctions. As explained above, however, Plaintiff's counsel has the duty to prove, with sworn testimony and supporting evidence, that she is unable to pay the requested costs. Her response states:

> In that regard, as to both Ms. VanMeter's first Motion for Attorneys' Fees and Second Motion for Attorneys' Fees in this Court, Ms. Ayala asks that the Court read her Affidavit, ¶¶1-12 submitted under seal for in camera review at Exhibit 1 which references a number of other Exhibits submitted under seal for in camera review regarding Ms. Ayala's personal financial information in accordance with this Court September 5, 2024 Order [Doc. 120].

Doc. 121 at 21.

Despite requesting the Court to read her affidavit, however, Plaintiff's counsel submitted no affidavit. Plaintiff's counsel submitted one filing under seal in connection with the response, Doc. 122, but this filing is unsworn and not accompanied by any explanation. It appears to be a savings account statement that reflects transfers to and from other accounts from July 2020 to March 2024. It does not establish anything about Plaintiff's counsel's income or assets, personal or business, outside this one account.

---

[2] In addition, Judge Strickland found that the motion for certification had no basis in law or fact. Doc. 108 at 3-4 (describing Plaintiff's counsel's "seemingly random" and "inexplicable" arguments in the motion and her failure to cite any cases or make any argument relevant to the certification standard set forth in Rule 54(b)).

I previously issued an order calling this deficiency to Plaintiff's counsel's attention. Doc. 124. I noted the lack of an affidavit, the lack of an explanation accompanying the single exhibit, and ordered:

> IT IS HEREBY ORDERED THAT by October 16, 2024 Plaintiff's counsel may file her affidavit and all other supporting exhibits she wishes the Court to consider ex parte under seal. Failure to provide supporting documentation by this deadline will result in the Court declining to consider ability to pay when ruling on the sanctions motions.

Doc. 124 at 2. Plaintiff's counsel did not file anything in response to this order. Accordingly, because Plaintiff has not established an inability to pay, I decline to reduce the sanctions requested due to an alleged, but unsubstantiated, inability to pay.

Turning to whether Defendants' billing rates are reasonable, I first note that Plaintiff's counsel does not challenge Defendants' rates. Further, based on my independent review of Defendants' billing rates, I find the requested billing rates of $225/hour for attorney work and $80/hour for paralegal work to be more than reasonable. I do note, however, that the following billing entries in the second motion are duplicative of those in the first motion:

| Date & biller | Description | Rate | Hours | Total |
|---|---|---|---|---|
| 4/23/2024 LVM | Vasquez 3: Read P's proposed motion to Certify | 225 | 0.2 | 45.00 |
| 4/23/2024 LVM | Vasquez 3: research factors applicable to Rule 54 b certification to respond to Plaintiff's Motion to Certify | 225 | 1.3 | 292.50 |

*Compare* Doc. 90-1 at 13, *with* Doc. 113-10 at 1. I thus reduce the requested fee award by $363.23 ($337.50 plus gross receipts tax).

Defendants' Second Motion for Attorneys' Fees is granted in part. Plaintiff's counsel shall pay the sum of $4,333.53 to Defendants within 30 days of the date of this order, absent a request for a reasonable extension of time.

**CONCLUSION**

Defendants' Motion for Attorneys' Fees (Doc. 90) and Defendants' Second Motion for Attorneys' Fees (Doc. 113) are GRANTED IN PART and DENIED IN PART. Plaintiff's counsel shall pay the sum of **$13,614.35** to Defendants within 30 days of the date of this order, absent a request for a reasonable extension of time.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE