IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

    Plaintiff,

v.                                                                                                                           Civ. No. 22-522 MIS/SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART
### MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion To Reconsider (Doc. 127), in which Plaintiff's counsel requests reconsideration of the order awarding attorney's fees against her in the amount of $13,614.35. Doc. 125 at 11. Plaintiff's counsel's primary argument is inability to pay the sanctions. Plaintiff's counsel filed a four-page affidavit with 62 pages of exhibits. In that affidavit, she provides evidence of minimal savings or other resources to meet her reasonable expenses of daily living. After the Court advised Plaintiff's counsel it required information relating to her income, Plaintiff's counsel filed another affidavit attesting to her income. Docs. 148 & 149. Finally, Plaintiff's counsel filed a brief in which she outlines her various debts, sets forth her upcoming necessary expenses of daily living, attaches exhibits in support, and argues that she is already having difficulty paying for rent and other basic necessities. Doc. 152.

Based on Plaintiff's counsel's filings, including sworn affidavits and numerous attachments reflecting the state of her financial accounts (business and personal), the Court finds that Plaintiff's counsel has established a present inability to pay any sanctions. *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) ("The offender's ability to pay must also be considered, not because it affects the egregiousness of the violation, but because the purpose of

monetary sanctions is to deter attorney and litigant misconduct."). Plaintiff's counsel has shown that her debts and expenses greatly exceed her assets and her income. Therefore, the Court therefore reconsiders the portion of its previous order that required Plaintiff's counsel to pay sanctions "within 30 days from the date of this order, absent a request for a reasonable extension of time." Doc. 125 at 11.

However, the Court agrees with Defendants that Plaintiff's counsel, as a practicing attorney, has an ability to earn more income.[1] Therefore, although the Court withdraws the portion of its November 4, 2024 Order (Doc. 125) that requires Plaintiff's counsel to promptly pay the sanction the Court assessed, the Court does not withdraw the portion of its order that requires Plaintiff's counsel to pay a sanction in the amount of $13, 614.35. If Plaintiff's counsel obtains the ability to pay this sanction, or a portion of this sanction, before settlement, a dispositive ruling, or a verdict in the present case, Plaintiff's counsel must do so.[2] If Plaintiff's counsel has not paid this sanction in full upon settlement, dispositive ruling, or verdict in the present case, Defendants may file a motion for immediate payment and the Court will reassess Plaintiff's counsel's ability to pay the sanction at that time.

---

[1] For example, some of Plaintiff's claims have survived Defendants' motion to dismiss. If Plaintiff prevails on or obtains a settlement in connection with these claims, Plaintiff's counsel will presumably be entitled to a share of the proceeds obtained.

[2] Although Plaintiff's payment of the ordinary expenses and debts Plaintiff identified in her emergency motion to stay may take priority over payment of the sanction in this case, payment of the sanction in this case must take priority over discretionary spending on things such as vacations.

Because the Court issues this order on the merits of the motion, it vacates the hearing scheduled for February 11, 2025.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE