IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

      Plaintiff,

v.                                    Case No. 22-cv-00522-MIS-SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S
## EMERGENCY MOTION TO SEAL

Now before the Court is Plaintiff's emergency motion to seal, filed on April 3, 2025.

Doc. 163; *see also* Doc. 170 (response); Doc. 173 (reply). In this motion, Plaintiff expresses

concern that two of the Defendants, prison guards Angel Sanchez and Andre Sanchez, will cause

harm to inmate witnesses that Plaintiff has identified in the Joint Status Report ("JSR"), should

the Sanchez Defendants become aware of the witnesses' identities and the information they

possess. As such, Plaintiff seeks an order: (1) sealing the March 28, 2025 JSR (Doc. 159) and the

Exhibits to the JSR (Doc. 160); and (2) prohibiting defense counsel from discussing with their

clients "the identities or facts that would reveal the identities of witnesses . . . ." Doc. 163 at 2.

During a scheduling conference held on April 8, 2025, Plaintiff clarified that he did not actually

seek to seal the entire JSR. Doc. 166. Instead, he seeks to seal portions of the JSR and its exhibits

that relate to inmate witnesses who will testify about the Sanchez Defendants' involvement in an

assault against Plaintiff that occurred approximately two years after the time of the excessive

force allegations in Plaintiff's operative complaint. *Id.* The Court temporarily sealed the JSR and

the JSR Exhibits pending further briefing on the merits of the issue. Doc. 164. Having received

such briefing, for the reasons set forth below, the Court denies Plaintiff's motion.

When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access." *U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). The court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

This already heavy burden is made even heavier by the fact that, in addition to seeking to bar the public from learning about allegations of assaults that guards have caused to be perpetrated against inmates, Plaintiff seeks to bar the accused guards themselves from learning about the accusations against them. Indeed, Plaintiff does not allege a general harm attendant to public disclosure of the information he seeks to keep under seal. Instead, Plaintiff expresses concern about a specific harm the Sanchez Defendants might cause if they learn about the information Plaintiff seeks to keep under seal. Thus, rather than focusing on the public's interest in the documents Plaintiff seeks to seal, the Court focuses on the Sanchez Defendants' interest in the documents Plaintiff seeks to seal.

A civil defendant has an extremely high interest in learning, before trial, what evidence will be presented against him during trial. Indeed, a primary purpose of civil discovery is to allow each party to learn, in advance of trial, what evidence the other party will present during trial. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964) (discovery rules "are to be accorded a broad and liberal treatment, to effectuate their purpose that civil trials in the federal

2

courts no longer need be carried on in the dark.") (internal quotation marks and citation omitted). !

Here, Plaintiff seeks a Court order barring Defendants he has sued from learning about evidence

he intends to present against them. Plaintiff cites no legal authority in support of such a request.

Similarly, Plaintiff seeks a Court order directing the attorneys for the Defendants he has sued not

to discuss with their clients the identity of witnesses against them or certain evidence against

them. Again, Plaintiff provides no legal authority in support of his request. Because the relief

Plaintiff requests would severely impair the ability of Defendants' attorneys to represent their

clients, and because Plaintiff has not justified such relief, the Court denies Plaintiff's request.

This does not end the present analysis, however, as after having received Defendants'

response, Plaintiff requested different relief in his reply. More specifically, Defendants in their

response point out that the information Plaintiff seeks to keep under seal is already widely and

publicly available elsewhere. Doc. 170 at 2-7. Further, Defendants note that, before Plaintiff filed

the present motion, they and their attorneys had already discussed the information Plaintiff seeks

to be sealed. *Id*. at 3.

Based on such representations, in reply, Plaintiff attempts to modify the relief he

requests. In reply, he requests that the Court order the Sanchez Defendants, defense counsel, and

the New Mexico Department of Corrections personnel, and "anyone else as may be applicable"

to identify to whom they have communicated the identities of the inmate witnesses at issue. Doc.

173 at 2. Further, Plaintiff requests that the Court order the Sanchez Defendants and NMCD not

to disclose to anyone else the identities of, or information about, the inmate witnesses at issue.

*Id*. The Court denies these requests contained in Plaintiff's reply for numerous reasons.

First, "the general rule in this circuit is that a party waives issues and arguments raised

for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)

(internal quotation marks and citation omitted). Second, Plaintiff cites no legal authority in support of the request he seeks. Third, Plaintiff does not identify any interest, much less a compelling interest, that the relief he requests (sealing and an injunction) will serve. Plaintiff does not argue that the relief he requests is needed to protect the inmate witnesses from other inmates who might learn that the inmate witnesses intend to testify about excessive force guards allegedly used, or caused others to use, against inmates. To the contrary, Plaintiff clarified at the April 8 scheduling conference that he is concerned about the danger the Sanchez Defendants themselves present to the inmate witnesses. But, as noted above, the Sanchez Defendants are already aware of the inmate witnesses and their expected testimony. Thus, it is not obvious, and Plaintiff does not assert, how the relief he requests will protect the inmate witnesses.

Perhaps Plaintiff seeks to learn who the Sanchez Defendants have spoken to about the inmate witnesses to ensure that the Sanchez Defendants have not attempted to recruit someone else to harm the inmate witnesses. Inchoate suspicions, however, provide an insufficient evidentiary basis to provide Plaintiff the relief he requests. Further, the Court declines to entertain what amounts to a request for injunctive relief in the absence of evidence, in the absence of citation to any supporting legal authority, and when such relief is requested in a reply brief to which the opposing party has no opportunity to respond.

**IT IS THEREFORE ORDERED** that the Court DENIES Plaintiff's April 3, 2025 "Emergency Motion To Seal JSR And Exhibits Thereto And Any Other Document Referencing Either Witness Disclosed Therein And For Order Directing Defendants' Counsel Not To Disclose The Identities Of Said Witnesses To Their Clients Or Otherwise And Not To Disclose Facts Regarding Witnesses To Their Clients Including The Sanchez Brothers And NMCD That Would Tend To Reveal Their Identities" (Doc. 163).

4

5

**IT IS FURTHER ORDERED** that the Clerk's Office shall unseal the Joint Status

Report (Doc. 159) and the Joint Status Report Exhibits (Doc. 160).

_____
UNITED STATES MAGISTRATE JUDGE