IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

    Plaintiff,

v.

                                                      Case No. 1:22-cv-00522-MIS-SCY

SERVANDO ACOSTA,
ANGEL SANCHEZ,
ANDRES SANCHEZ,
JANINE RODRIGUEZ,
ALISHA TAFOYA-LUCERO,
GERMAN FRANCO, and
LEON MARTINEZ,

    Defendants.

**ORDER DENYING AMENDED MOTION TO SET ASIDE ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS AND MOTION FOR QUALIFIED IMMUNITY**

THIS MATTER is before the Court on Plaintiff Robert Vasquez's Amended Motion to Set Aside Order Granting Defendants' Motion to Dismiss and Motion for Qualified Immunity ("Motion"), filed May 28, 2025. ECF No. 180. Defendants Servando Acosta and Angel Sanchez filed a Response on June 30, 2025, ECF No. 200, to which Plaintiff filed a Reply on July 24, 2025, ECF No. 217. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.    Relevant Background**

On December 15, 2023, Plaintiff filed the operative Third Amended Complaint which arises from an incident that occurred while he was an inmate at the Penitentiary of New Mexico

("PNM") on August 4, 2020.[1]  See ECF No. 68 at 4-5, 33-35, ¶¶ 9, 11-12, 50.  Plaintiff alleges that on that date, corrections officer Servando Acosta attacked Plaintiff in his cell pod.  See id. at 5-8, ¶¶ 12-15.  During the beating, corrections officer Angel Sanchez came into the cell pod and sprayed mace into Plaintiff's face.  Id. at 8-9, ¶¶ 16-17.  Corrections officer Andres Sanchez—Angel's brother—saw Angel spray mace into Plaintiff's face but did not report it.  Id. at 9, ¶ 17.  Count I of the Complaint alleges that Defendants violated Plaintiff's Eighth Amendment right against the excessive use of force.[2]  Id. at 33-35, ¶¶ 49-50.

On December 28, 2023, Defendants filed a Partial Motion to Dismiss Plaintiff's Third Amended Complaint and Motion for Qualified Immunity ("Partial Motion to Dismiss").  ECF No. 72.  Relevant here, Andres Sanchez argued that Count I failed to state a claim against him and that he was entitled to qualified immunity.  Id. at 10-13.  On March 26, 2024, the Court issued an Order granting Defendants' Partial Motion to Dismiss, finding, inter alia, that Andres Sanchez is entitled to qualified immunity as to Count I ("Partial Dismissal Order").[3]  ECF No. 79 at 8-15.  Specifically, the Court found:

---

[1] This is at least the fifth civil rights lawsuit Plaintiff has filed.  See Vasquez v. Tafoya-Lucero, Case No. 1:20-cv-00612-RB-DLM; Vasquez v. N.M. Corr. Dep't, Case No. 1:21-cv-01064-RB-CG; Vasquez v. N.M. Corr. Dep't, Case No. 1:22-cv-00462-DHU-KK; Vasquez v. Tafoya-Lucero, Case No. 1:22-cv-00593-JB-DLM.  He also appears to be the Plaintiff in at least two other civil rights lawsuits.  See Vasquez v. New Mexico, Case No. 1:16-cv-00087-JB-GBW; Vasquez v. GEO Group, Inc., Case No. 1:24-cv-00637-DHU-GBW.

[2] Count II alleges a violation of Plaintiff's Eighth Amendment rights under the New Mexico Corrections Department's grievance system, ECF No. 68 at 35-36, ¶ 51; Count III alleges a violation of Plaintiff's right against disability discrimination under the Rehabilitation Act, 29 U.S.C. § 794, id. at 36-39, ¶¶ 52-61; and Count IV alleges a violation of Plaintiff's First Amendment rights, id. at 39-40, ¶¶ 62-64.

[3] The Court also found that Counts II and III are barred by issue preclusion because two other judges in this district had "issued rulings on the exact issues[,]" ECF No. 79 at 17, and Count IV fails to state a claim upon which relief can be granted, id. at 20-21.  Additionally, as to Counts II and III the Court sanctioned Plaintiff's counsel for "Plaintiff's repeated insistence on bringing the same claims—and wasting both the Court and Defendants' time in, respectively, repeatedly adjudicating said claims and repeatedly defending against them[.]"  Id. at 16; see also id. at 19-20.  Specifically, the Court ordered Plaintiff's Counsel to pay Defendants' costs of defending against Claims II and III [hereinafter Sanctions Order].  Id. at 20, 22.  Plaintiff filed a motion to reconsider the Sanctions Order, see ECF No. 80, which the Court denied, ECF No. 81.

. . . Plaintiff alleges that Defendant Andres Sanchez "saw his brother CO Angel [spray] mace into Plaintiff's face and never reported the excessive use of force as required by department policy[,]" and that "CO Andres Sanchez lied in that he stated 'I CO Andres Sanchez saw an inmate attacking CO Servando Acosta.'" ECF No. 68 ¶ 17. Plaintiff makes no allegations that Andres Sanchez himself employed excessive force. Instead, as noted, his theory of liability is premised on the idea that Andres Sanchez' failure to intervene is sufficient to establish liability under Section 1983.

The facts, as alleged, do not demonstrate that Andres Sanchez knew he was witnessing a constitutional violation. Rather, Plaintiff's sole factual, nonconclusory allegation as to what Defendant Andres Sanchez witnessed was that "CO Andres Sanchez . . . saw his brother CO Angel Sanchez spray mace into Plaintiff's face[.]" ECF No. 68 ¶ 17. This threadbare allegation cannot be held to demonstrate any knowledge on the part of Andres Sanchez that a constitutional violation had taken place.

Plaintiff also cites no cases in support of his claim that Andres Sanchez had any affirmative duty to intervene in the circumstances of the instant case. Where Plaintiff does cite to cases, they primarily reference abstract principles not directly applicable to the present case. See, e.g., ECF No. 50 at 5 (invoking Jones v. Norton, 809 F.3d 564, 576 (10th Cir. 2015) (wherein the Tenth Circuit merely reaffirmed that for failure-to-intervene claims to advance, defendants must have knowledge of an underlying constitutional violation)). Nothing cited by Plaintiff supports the claim that a corrections officer's failure to intervene when witnessing a prisoner maced by another corrections officer is itself a constitutional violation, let alone one of which Andres Sanchez should have been on notice.

Plaintiff's inadequate pleading as to Andres Sanchez is fatal. He has failed to satisfy either prong of the qualified immunity analysis—namely, to demonstrate that "(1) the defendant's actions violated a constitutional or statutory right,"[4] or "(2) that right was clearly established at the time of the defendant's complained-of conduct."

---

[4] Both the Supreme Court and the Tenth Circuit have advised courts to avoid addressing the first question—whether a given action should be characterized as a constitutional violation—in instances where the right alleged is not clearly established and claims thus fail on the second prong of the analysis. See Kerns v. Bader, 663 F.3d 1173, 1180-81 (10th Cir. 2011) ("[T]he doctrine of 'constitutional avoidance' suggests the wisdom of passing on the first constitutional question [when] 'it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right.'") (citing Pearson v. Callahan, 555 U.S. 223, 237 (2009)). Cognizant of this, the Court does not find that Andres Sanchez's actions as alleged were not a constitutional violation, simply that he failed to plead facts demonstrating as much.

3

Id. at 12-13 (footnote in original) (quoting Truman v. Orem City, 1 F.4th 1227, 1235 (10th Cir. 2021)).

Meanwhile, in a separate lawsuit in this District, Plaintiff has sued the Sanchez brothers (among others) for civil rights violations arising out of an incident that occurred in June 2022 at the Guadalupe County Correctional Facility ("GCCF"). See Am. Compl., Vasquez v. Tafoya-Lucero, et al. [hereinafter Vasquez II], Case No. 1:22-cv-00593-JB-DLM (D.N.M. Sept. 12, 2022), ECF No. 11. The Amended Complaint in that case alleges, in relevant part:

> 12.   The Plaintiff on about the month of June 2022 requested from the Warden of PNM, then Davis S. Fajardo to be transferred from a level four to a level three facility because (1) correction officers at PNM had informed inmates that he was a "rat", because Plaintiff had filed grievances against some correction officers including Correction Officers Perez, Angel Sanchez and Andres Sanchez and others and Plaintiff started getting threats from other inmates and (2) Because Plaintiff qualified for a lower level of incarceration.
> . . .
>
> 14.   On or about June 24, 2022 Plaintiff was transferred to GCCF and when he arrived he was met by brother STIU Sgt Angel Sanchez, Andres Sanchez and an other [sic] individual.
> . . .
>
> 19.   Upon opinion and belief in retaliation for Plaintiff filing a law suit [sic] against the Sanchez brothers, and upon seeing Plaintiff at GCCF or prior to Plaintiff's arrival at GCCF the Sanchez brothers informed other prisoners in housing Unit 1-E Pod at GCCF in Santa Rosa that Plaintiff was a "rat"; and within an hour after the Sanchez brothers had placed Plaintiff in E-Pod at GCCF Plaintiff was jumped by several inmates in the E-Pod and was stabbed and had to be transported for emergency medical care to a hospital.
>
> 20.   The Sanchez brothers purposely put Plaintiff in a Unit where Plaintiff's life was threatened in retaliation for the law suit [sic] that Plaintiff had filed against them.

Id. at 4-5, 7 ¶¶ 12, 14, 19-20. Plaintiff asserts that the defendants' actions constitute deliberate indifference to a serious risk of harm, in violation of the Eighth and Fourteenth Amendments. Id. at 35-36, ¶¶ 56-57. Defendants moved to dismiss this claim under Rule 12(b)(6). Vasquez II, ECF

4

No. 16 (Oct. 10, 2022). On September 29, 2023, United States District Judge James O. Browning issued an Order granting the defendants' motion to dismiss, Vasquez II, ECF No. 45 (Sep. 29, 2023), and later issued a Memorandum Opinion fully detailing his rationale, Vasquez II, ECF No. 81 (Aug. 29, 2024). As relevant here, Judge Browning's Memorandum Opinion found that "Vasquez pleads insufficient facts that Angel Sanchez and Andres Sanchez[] encouraged other inmates to assault him in retaliation for the lawsuit and grievances he filed against them and that Angel Sanchez and Andres Sanchez[] purposefully failed to come to Vasquez' aid after the assault." Id. at 32. Consequently, Judge Browning concluded that Plaintiff failed to state an Eighth Amendment claim against the Sanchez brothers upon which relief can be granted. See id. at 32-42.

On August 19, 2024, Plaintiff filed an amended motion to set aside Judge Browning's dismissal order based on "newly discovered evidence." Vasquez II, ECF No. 75 ¶ 22 (Aug. 29, 2024). Specifically, Plaintiff argued that newly-obtained declarations from fellow inmates Max Aragon and Matthew Benavides suggest that Andres Sanchez manipulated Aragon, Benavides, and others to stab Plaintiff on June 24, 2022 at GCCF. Id. ¶¶ 5-14. At a hearing, Judge Browning denied the amended motion to set aside without prejudice after Plaintiff stipulated to proceed instead by filing an amended complaint with the new information. See Vasquez II, ECF No. 104 at 1 (Jan. 27, 2025); see also Vasquez II, ECF No. 106 at 1 (Apr. 27, 2025).

On April 27, 2025, in the case before Judge Browning, Plaintiff filed a Second Motion to Amend Complaint to which he attached a proposed Second Amended Civil Rights Complaint against, inter alia, Angel and Andres Sanchez. Vasquez II, ECF No. 106 (Apr. 27, 2025). Defendants filed a Response to that Motion stating that they "do not oppose Plaintiff's request to amend his complaint to add an Eighth Amendment claim against Andres Sanchez in his individual

5

capacity for the alleged deliberate indifference to a substantial risk of serious harm to Plaintiff . . . ." Vasquez II, ECF No. 108 at 2 (May 30, 2025). Plaintiff filed a Reply on June 27, 2025. Vasquez II, ECF No. 110 (June 27, 2025). That Motion remains pending before Judge Browning.

Returning to the case at bar, on May 28, 2025, Plaintiff filed the instant Amended Motion to Set Aside Order Granting Defendants' Partial Motion to Dismiss and Motion for Qualified Immunity. ECF No. 180. The Motion invokes Rules 60(b)(2) and (6). Id. at 7. As to Rule 60(b)(2), the Motion is premised on the same "newly discovered evidence" that prompted the amended motion to set aside Judge Browning's dismissal order—i.e., declarations from fellow inmates Max Aragon and Matthew Benavides that suggest that Andres Sanchez manipulated Aragon, Benavides, and others to stab Plaintiff on June 24, 2022 at GCCF.[5] Id. at 3-15. The declarations say nothing about the August 4, 2020 incident at PNM giving rise to this case. See id. at 23-26. Nevertheless, Plaintiff argues—unpersuasively—that the declarations "directly link Andres and Angel Sanchez to Plaintiff's failure to protect claim in violation of the 8th Amendment, stemming from the actions of Andres and Angel Sanchez in the present action[.]" Id. at 12. Plaintiff argues—unpersuasively—that the declarations are relevant to the Eighth Amendment claim asserted against Andres Sanchez because, for example, it shows the state of mind required to establish culpability, is evidence of a motive to injure or kill Plaintiff, and shows intent, design, knowledge, or lack of innocent purpose. Id. at 14. Plaintiff requests that the Court set aside its

---

[5] In his Reply brief, Plaintiff appears to argue that additional newly discovered evidence supports setting aside the Court's Partial Dismissal Order—specifically, evidence that Defendants edited surveillance videos of the August 4, 2020 attack. See ECF No. 217 at 1-2 ¶¶ 1-4, 4 ¶¶ 10, 12. Because this argument was not raised in Plaintiff's Motion, see generally ECF No. 180, the Court declines to consider it here. See in re: Motor Fuel Temperature Sales Pracs. Litig., 872 F.3d 1094, 1105 n.4 (10th Cir. 2017) (declining to consider argument raised for first time in reply brief); M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 768 n.7 ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief[.]"). Regardless, the argument is untimely for reasons explained infra.

March 26, 2024 Partial Dismissal Order and grant leave to file a Fourth Amended Complaint "to add facts and different causes of action that conform to the newly discovered evidence . . . ."[6] Id. at 21. However, Plaintiff did not file a proposed Fourth Amended Complaint for the Court's consideration.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) authorizes a Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons, see Fed. R. Civ. P. 60(b)(1)-(5), including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). Rule 60(b) also contains a catch-all provision that permits a court to set aside an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case." Johnson v. Spencer, 950 F.3d 680, 700-01 (10th Cir. 2020) (citation and quotation marks omitted). "Although the rule should be liberally construed when substantial justice will thus be served, relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." Id. at 701 (cleaned up). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Pursuant to Rule 15, "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

---

[6] Plaintiff also devotes several pages of his Motion—under the heading "Additional Relevant Background"—to challenging the Sanctions Order. See ECF No. 180 at 15-21; see also supra Note 3. However, Plaintiff does not explicitly seek relief from the Sanctions Order, presumably because he already filed a motion for reconsideration of the Sanctions Order, see ECF No. 80, which the Court denied, see ECF No. 81. The Court hereby adopts its prior order denying Plaintiff's previous motion for reconsideration of the Sanctions Order, id.

7

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[7] Fed. R. Civ. P. 15(a)(2).

## III. Discussion

Plaintiff moves to set aside the Court's Partial Dismissal Order under Rules 60(b)(2) and (6),[8] and requests leave to file a Fourth Amended Complaint. ECF No. 180 at 21.

Initially, to the extent Plaintiff moves to set aside the Court's Partial Dismissal Order under Rule 60(b), the Court construes it as a motion under Rule 60(b)(2) only. This is because Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 596 U.S. 528, 533 (2022). "Even then, extraordinary circumstances must justify reopening." Id. (citation and quotation marks omitted). Here, Plaintiff's argument for relief from the Court's Partial Dismissal Order is premised entirely on "newly discovered evidence," and specifically, the declarations of Max Aragon and Matthew Benavides.[9] See Mot. at 7-15.

---

[7] When a motion for leave to amend is filed after the deadline to amend pleadings, the plaintiff must additionally satisfy the strict "good cause" standard of Rule 16(b)(4). See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). Here, however, Plaintiff filed the instant motion before the June 9, 2025 deadline to amend pleadings. See ECF No. 167 at 2 (establishing a deadline of June 9, 2025 for Plaintiff to amend pleadings).

[8] Plaintiff appears to assume that the Court's Partial Dismissal Order was a "final" order with respect to the Eighth Amendment claim against Andres Sanchez, and therefore that the standards of Rule 60(b) apply. See Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . . (emphasis added)). The Court will likewise assume (without deciding) that Rule 60(b) applies. However, to be clear, the Court finds that relief is not warranted under any standard. Thus, even if the Partial Dismissal Order is not a "final" order to which the standards of Rule 60(b) apply, the Court's conclusions would be the same under the standards of Rule 54(b). See Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

[9] As discussed in Note 6, supra, although Plaintiff devotes several pages of his Motion to challenging the Sanctions Order, he does not explicitly seek relief from the Sanctions Order. Regardless, his arguments on that

Consequently, Rule 60(b)(2) is applicable, and Rule 60(b)(6) is not.[10] See Kemp, 596 U.S. at 533; see also Richitelli v. United States, CASE NO. 21-CV-62202-STRAUSS, 2024 WL 1174048, at *2 (S.D. Fla. Mar. 18, 2024) ("Rule 60(b)(6) is not available here because Plaintiff does not raise any reason justifying relief aside from the reason she raises for relief under Rule 60(b)(2)."); In re Korean Air Lines Disaster of Sept. 1, 1983, 156 F.R.D. 18, 21-22 (D.D.C. 1994) (observing that the movant "is not entitled to relief under Rule 60(b)(6) if Rule 60(b)(2) applies").

Because Plaintiff's Motion arises entirely under Rule 60(b)(2), it is untimely. Pursuant to Rule 60(c)(1), a motion for relief from an order based on newly discovered evidence must be filed no more than one year after entry of the order. Fed. R. Civ. P. 60(c)(1). The Court entered the Partial Dismissal Order on March 26, 2024. ECF No. 79. Plaintiff filed the instant Motion more than one year later on May 28, 2025. ECF No. 180. Accordingly, Plaintiff's Rule 60(b)(2) Motion is **DENIED** as untimely. See Tilley v. Fish, 490 F. App'x 968, 970 (10th Cir. 2012) (finding that the district court did not abuse its discretion in denying the plaintiff's motion for reconsideration because to the extent it was filed under Rule 60(b)(2), it was untimely because it was filed more

---

issue are meritless. Thus, to the extent that the instant Motion can be construed as seeking relief from the Sanctions Order under Rule 60(b)(6), it is **DENIED** for Plaintiff's failure to establish "exceptional" or "extraordinary" circumstances justifying relief. See Johnson, 950 F.3d at 701 ("[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances[.]" (citation and quotation marks omitted)); Kemp, 596 U.S. at 533 (observing that "extraordinary circumstances must justify" relief under Rule 60(b)(6) (citation and quotation marks omitted)).

[10]   Even if Rule 60(b)(6) was somehow applicable, the Court concludes that Plaintiff has failed to establish "exceptional" or "extraordinary" circumstances justifying relief. See Johnson, 950 F.3d at 701 ("[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances[.]" (citation and quotation marks omitted)); Kemp, 596 U.S. at 533 (observing that "extraordinary circumstances must justify" relief under Rule 60(b)(6) (citation and quotation marks omitted)). Plaintiff has not persuaded the Court that the declarations of Max Aragon and Matthew Benavides that suggest that Andres Sanchez manipulated Aragon, Benavides, and others to stab Plaintiff on June 24, 2022 at GCCF have any relevance to Plaintiff's claims in this case, which arise out of a wholly separate incident at a wholly different facility on August 4, 2020. Even when considering the information contained in the declarations alongside the well-pleaded allegations of the Third Amended Complaint, Plaintiff has still failed to demonstrate (or plausibly allege) that Andres Sanchez's actions on August 4, 2020 violated Plaintiff's clearly established rights. Plaintiff's arguments to the contrary are entirely without merit. Accordingly, Plaintiff's Motion is **DENIED** to the extent Rule 60(b)(6) is applicable.

than one year after the entry of judgment, and "[a] party may not use Rule 60(b)(6)'s 'any other reason' catchall as a way to avoid the one-year time limit if that limit would otherwise be applicable"); cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (observing that "a party who failed to take timely action" under Rule 60(b)(1) "may not seek relief more than a year after the judgment by resorting to subsection (6)"); Kemp, 596 U.S. at 539 (holding that because the petitioner's claim was properly construed under Rule 60(b)(1) it was not cognizable under Rule 60(b)(6), and because it was filed more than a year after the alleged error it was untimely under Rule 60(c)(1)).

To the extent that Plaintiff moves for leave to file a Fourth Amended Complaint, it is denied for failure to comply with the Local Rules of this District. Pursuant to the Local Rules: "A proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. No proposed amendment accompanied Plaintiff's Motion. Accordingly, the Motion is **DENIED** for failure to comply with Local Rule 15.1. See Castanon v. Cathey, 976 F.3d 1136, 1145 (10th Cir. 2020) (affirming order denying motion for leave to amend for failure to attach the proposed amendment, as required by the local rules).

Alternatively, the Court denies the motion to amend as futile for the reasons discussed in note 10, supra. Specifically, the information contained in the declarations, when considered together with the well-pleaded allegations in the Third Amended Complaint, does not permit a reasonable inference that Andres Sanchez violated Plaintiff's clearly-established rights on August 4, 2020.[11]

---

[11] In this Court's view, the declarations are relevant, if at all, only to the case before Judge Browning, Case No. 1:22-cv-00593-JB-DLM. As previously mentioned, the defendants in Judge Browning's case did not oppose "Plaintiff's request to amend his complaint to add an Eighth Amendment claim against Andres Sanchez in his individual capacity for the alleged deliberate indifference to a substantial risk of serious harm to Plaintiff" arising out of the June 2022 incident at GCCF. Vasquez II, ECF No. 108 at 2 (May 30, 2025). Whether to grant leave to amend

IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiff's Amended Motion to Set Aside Order Granting Defendants' Partial Motion to Dismiss and for Qualified Immunity is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

in that case based on the newly-obtained declarations is an issue for Judge Browning to decide when ruling upon Plaintiff's Second Motion to Amend the Complaint in that case. See Vasquez II, ECF No. 106 (Apr. 27, 2025).

The Court does not construe the instant Motion as seeking leave to amend the complaint to add claims regarding the June 2022 incident at GCCF because, at a minimum, such an amendment would violate the rule against claim splitting. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."). Claims regarding the June 2022 incident must be brought, if at all, in the case before Judge Browning.