IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VASQUEZ,

   Plaintiff,

v.              Case No. 1:22-cv-00522-MIS-SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS; SERVANDO ACOSTA;
ANGEL SANCHEZ; ANDRES SANCHEZ;
JANINE RODRIGUEZ; ALISHA
TAFOYA-LUCERO; GERMAN FRANCO;
and LEON MARTINEZ,

   Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S CONTINUED ABUSE OF THE JUDICIAL PROCESS

**THIS MATTER** is before the Court on Defendants Servando Acosta's and Angel Sanchez's ("Defendants") Motion to Dismiss for Plaintiff's Continued Abuse of the Judicial Process ("Motion"), ECF No. 237, filed September 26, 2025. Plaintiff Robert Vasquez ("Plaintiff") filed a Response on October 26, 2025, ECF No. 253, to which Defendants filed a Reply on December 2, 2025, ECF No. 258. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

## I.  Background

Defendants argue that Plaintiff's actions during this litigation warrant dismissal of his claims "based on the Court's inherent authority to levy sanctions for the abuse of the judicial process." Mot. at 3, ECF No. 237. In the alternative, they move for lesser sanctions at the Court's discretion. *Id.* at 3 n.3. Defendants argue dismissal is warranted for

> repeated instances of five broad categories of abusive conduct: *first*, maintaining
> and then seeking to revive claims in this case well past when it became apparent

1

that the claims lacked an arguable basis in law or fact . . . ; *second*, whether addressing the merits of the claims or another issue, failing to address or apply clearly applicable legal standards . . . ; *third*, making unnecessary work for the Court and Defense Counsel . . . ; *fourth*, violations of the Court's Orders and warnings . . . ; and *fifth*, misrepresentations to the Court . . . .

*Id.* at 28-29 (emphasis added). Defendants also argue that

given that Plaintiff's Counsel has been warned against some of the above misconduct and was sanctioned in the form of attorney fees for pursuing vexatious claims, but continues to engage in abusive conduct, an alternative and more severe sanction is necessary to deter the abusive conduct. The consistent and repeated pattern of abusive litigation practices in this case warrants dismissal and is the least sanction necessary to stop the abusive practices.

*Id.* at 29.

Plaintiff argues Defendants' Motion "is a retaliatory filing crafted to punish Plaintiff for pursuing meritorious discovery motions and for exposing Defendants' own misrepresentations and discovery abuses." Resp. at 1, ECF No. 253. Plaintiff also argues Defendants are attempting to use actions previously resolved by sanctions as the basis for dismissal. *See id.* at 2. Plaintiff argues that his filings are good-faith efforts to "preserve procedural fairness" and that he was forced by Defendants to maintain multiple cases in the District. *Id.* at 21. Finally, Plaintiff accuses Defendant of "misconduct" and argues that "[D]efense counsel be personally required to satisfy the excess costs, expenses and attorney fees for [P]laintiff having to defend against the Motion." *Id.* at 26.

Defendants argue in their Reply that Plaintiff's Response "fails to demonstrate that he has not engaged in a pattern and practice of abusive litigation tactics from the beginning of this case to the present, warranting the sanction of dismissal." ECF No. 258 at 2.

## II.  Legal Standard

"[A] court may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process. . . ." *Xyngular v. Schenkel*, 890 F.3d 868, 872-73 (10th Cir. 2018). "Because

dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or [some] fault of [the disobedient party]." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (internal quotations marks and citations omitted). Since "dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)).

"[I]n the past [the Tenth Circuit] ha[s] required clear-and-convincing evidence that a litigant acted in bad faith to support a dismissal sanction" for abuse of the judicial process. *Becker v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, No. 22-4022, 2023 WL 5051167, at *6 (10th Cir. Aug. 8, 2023) (citing *Xyngular*, 890 F.3d at 873-74). "[T]he Supreme Court has made clear that [parties] establish[] a fact by clear and convincing evidence only if the evidence place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." *United States v. Valenzuela-Puentes*, 479 F.3d 1220, 1228 (10th Cir. 2007) (internal quotation marks and citations omitted).

"Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted); *see also Xyngular*, 890 F.3d at 873 ("In *Ehrenhaus*, we established five factors that district courts should consider before imposing dismissal as a sanction . . . .").

## III. Discussion

Defendants argue that the five "*Ehrenhaus* factors weigh in favor of dismissing this case." Mot. at 30, ECF No. 237. The Defendants also note, correctly, that dismissal does not unfairly punish a client when warranted by "his counsel's unexcused conduct." *Id.* at 26 (quoting *Link v. Wabash R. R. Co.*, 370 U.S. 626, 633 (1962)).

Defendants cite to several Tenth Circuit cases claiming they establish dismissal is proper here. *Id.* at 26 ("[T]he Tenth Circuit has 'repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders.'") (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *id.* at 31 ("[T]his is like the ''full speed ahead'—rather than . . . 'stop and think'—approach' addressed by the [c]ourt in *King*.") (citing *King v. Fleming*, 899 F.3d 1140, 1152 (10th Cir. 2018)); Reply at 4-5, ECF No. 258 ("[M]isconduct in this case is not distinguishable from that in *Lujan* and warrants dismissal of the present action.") (citing *Lujan v. Cnty. of Bernalillo*, No. 8-CV-1125 WJ/DJS, 2010 WL 11530504, at *7 (D.N.M. June 7, 2010), *aff'd*, 446 F. App'x 973 (10th Cir. 2011)). The Court, however, finds the cases cited do not establish dismissal is warranted and Defendants fail to establish bad-faith conduct by Plaintiff or Plaintiff's counsel as required for dismissal with prejudice based on abuse of the judicial process.

The cases cited by Defendant are readily distinguishable from these circumstances. The pro se plaintiff in *Green* failed to oppose a Motion to Dismiss, resulting in dismissal under local rules. *Green*, 969 F.2d at 916-17 (10th Cir. 1992). No such failure has occurred here. The claim in *King* rested on an email fabricated by a plaintiff, which plaintiffs' counsel submitted without verification—obvious bad-faith conduct not present in this case. *King*, 899 F.3d at 1146. Furthermore, the dismissal in *King* was under Rule 11, not the court's inherent authority. *Id.* Finally, the court in *Lujan* did not dismiss the case, it granted defendants' Motion for Summary

Judgment based on plaintiffs' failure "to present sufficient evidence of wrongdoing on the part of the [d]efendants." *Lujan*, 2010 WL 11530504, at *8. Afterwards, the court imposed sanctions on plaintiffs' counsel, finding he "failed to competently represent his clients to a serious degree" and forwarding the finding to the State Bar of New Mexico and the Chief Judge of the United States District Court of New Mexico. *Lujan v. Cnty. of Bernalillo*, No. 8-CV-1125 WJ/DJS, 2010 WL 11530478, at *6-7 (D.N.M. Oct. 8, 2010). These cases do not establish grounds for dismissal based on Plaintiff's or Plaintiff's counsel's behavior.

Furthermore, Defendants have not alleged bad-faith conduct, *see generally* Mot., ECF No. 237, let alone presented clear-and-convincing evidence of such conduct, *see Becker*, 2023 WL 5051167, at *6; *Xyngular*, 890 F.3d at 873-74. At most, Defendants have alluded to bad-faith conduct. *Id.* at 26 ("The Court's inherent authority extends to sanctioning the bad-faith pursuit of frivolous claims and the filing of frivolous pleadings.") (citation omitted). This is insufficient to warrant dismissal of Plaintiff's claims with prejudice for abuse of the judicial process. Tenth Circuit precedent lists both "willfulness" and "[some] fault" as other potential grounds for dismissal, *Chavez*, 402 F.3d at 1044, but the Court declines to go beyond *Becker's* bad-faith standard under these circumstances, *Becker*, 2023 WL 5051167, at *6. The Court finds Defendants' have not carried their evidentiary burden. The Court also declines to exercise its discretion to award lesser sanctions. Defendants' Motion to Dismiss is therefore denied. The Court further finds that awarding Plaintiff attorney's fees and costs for responding to the Motion is unwarranted.

The Court, however, reiterates its previous warnings and reminds Plaintiff and Plaintiff's counsel that repeating behavior which has already drawn sanction and admonishment may result in dismissal or subject Plaintiff's counsel to disciplinary proceedings and/or a referral to the State

Bar of New Mexico. *See e.g.*, Order to Show Cause at 1, ECF No. 191; Order and Notice Regarding Sanctionable Conduct at 1, ECF No. 196.

Moreover, the Court's patience with this litigation, and especially with Plaintiff's repeated attempts to move for reconsideration, has run out.[1] Discovery, per Court Order, will conclude on January 30, 2026. ECF No. 232 at 1. Pretrial motions will be filed by March, 20, 2026. *Id.* Trial, if required, will proceed immediately afterward. Absent extraordinary circumstances, the Court will likely not grant any further extensions, regardless of whether such motion is joint or unopposed. This case must conclude so that time and resources may be devoted to other deserving claims.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that.

1.    Defendant's Motion to Dismiss for Plaintiff's Continued Abuse of the Judicial Process is **DENIED** consistent with this Order; and

2.    No further extensions to discovery or motion practice shall be granted in this case short of extraordinary circumstances, regardless of whether such motions are joint or unopposed.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1]    The Court notes with displeasure that Plaintiff's counsel devoted a significant amount of Plaintiff's Response to yet another attempt to wriggle out of paying attorneys' fees. *See* Resp. at 11-18, ECF No. 253. The Court may consider additional fee awards as sanctions for wasting the Court's and Defendants' time relitigating matters already concluded. Plaintiff's counsel is advised to spend time worrying about her client rather than her financial circumstances, which by her actions may grow more dire.