**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT VASQUEZ,

Plaintiff,

v. Case No. 22-cv-00522-MIS-SCY

SERVANDO ACOSTA and
ANGEL SANCHEZ,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS AND DEFENDANTS' MOTION TO SEAL**

Plaintiff, an inmate in the custody of the New Mexico Corrections Department ("NMCD"), filed this lawsuit following an alleged use-of-force incident on August 4, 2020. Specifically, Plaintiff alleges that corrections officers Servando Acosta and Angel Sanchez ("Defendants") used excessive force against him and asserts a claim under the Eighth Amendment. Plaintiff now moves for spoliation sanctions based on alleged destruction of video evidence. Doc. 211. Defendants separately move to seal three exhibits submitted in their Response in Opposition. Doc. 255. The Honorable Margaret I. Strickland referred these motions to me for a recommended disposition. Doc. 277. For the reasons discussed below, I recommend the Court deny Plaintiff's Motion for Spoliation Sanctions and grant Defendants' Motion to Seal.

## RELEVANT BACKGROUND

Plaintiff alleges that on August 4, 2020, corrections officer Servando Acosta opened Plaintiff's cell door and attacked him. Doc. 68 at 5 ¶ 12; Doc. 82 at 4 ¶ 18. During the beating, corrections officer Angel Sanchez came into Plaintiff's cell pod and sprayed mace into Plaintiff's

face. Doc. 68 at 8-9 ¶¶ 16-17. Corrections officer Andres Sanchez, Angel's brother, saw Angel spray mace into Plaintiff's face but did not report it. Doc. 68 at 9 ¶ 17.

The operative complaint in this matter makes four claims: (I) NMCD corrections officers' use of force violated Plaintiff's Eighth Amendment rights, Doc. 68 ¶¶ 49-50; (II) NMCD's grievance system violated Plaintiff's Eighth Amendment rights, *id.* ¶¶ 51; (III) discrimination under the Rehabilitation Act, 29 U.S.C. § 794, *id.* ¶¶ 52-61; and (IV) a violation of Plaintiff's First Amendment rights, *id.* ¶¶ 62-64. This Court, however, dismissed Claims II, III, and IV in their entirety, and Plaintiff's Claim I (use of force) survives only as to Defendants Angel Sanchez and Servando Acosta. *See* Doc. 79 (granting Defendants' Partial Motion to Dismiss), Doc. 222 (denying Plaintiff's Amended Motion to Set Aside Order Granting Defendants' Partial Motion to Dismiss).

Plaintiff accuses Defendants' counsel of editing and destroying three videos released in their initial disclosures. Doc. 211 at 1. Defendants served their initial disclosures on Plaintiff on March 19, 2025. Doc. 157. Plaintiff filed his instant motion for Spoliation Sanctions on August 14, 2025. Doc. 211. Defendants filed their Response in Opposition on August 22, 2025, along with their Motion to Seal. *See* Docs. 225, 226, 227. Plaintiff filed his Reply regarding his Motion for Spoliation Sanctions on September 5, 2025, Doc. 233, but did not file a response to the Motion to Seal. I will address the motions in turn.

## DISCUSSION

### I. Plaintiff's Motion for Spoliation Sanctions (Doc. 211)

Plaintiff asks this Court to enter a default judgment against Defendants and to "strike the attorney fees order issued against plaintiff's counsel" because Defendant NMCD, and

Defendants' counsel intentionally destroyed or manipulated video evidence.[1] Doc. 211 at 1 ¶ 1, 4 ¶ 8, 6 ¶ 11. Specifically, Plaintiff argues that three surveillance videos from NMCD of the incident at the center of this lawsuit must have been edited due to gaps and jumps in time. Doc. 211 at 1-2. Defendants, on the other hand, explain that "[t]he copies of surveillance video produced in this case to Plaintiff and lodged with the Court [Doc. 224] are accurate copies of the video of this incident that was automatically saved onto the NMCD's server in the first instance – when the camera transmitted the data to the server – and the time distortions and missing time on those videos are due to server and system limitations, i.e., non-intentional technological issues causing data loss." Doc. 226 at 1-2 (footnote omitted).

"Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). Additionally, the Federal Rules of Civil Procedure provide the Court authority to issue sanctions. Specific to this case, Federal Rule of Civil Procedure 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) Upon finding prejudice to another party from loss of the information, may order measures no great than necessary to cure the prejudice; or
> (2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;

[1] The Court dismissed NMCD from the instant action on March 26, 2024. Doc. 79.

> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Generally, "[s]poliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (cleaned up). Additionally, if the "aggrieved party seeks an adverse inference [or entry of default judgment] to remedy the spoliation, it must also prove bad faith." *Id.*; *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015). Bad faith requires "some showing of willful destruction of evidence." *Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1300 n.6 (D.N.M. 2016). Accordingly, "[m]ere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

Plaintiff, in part, seeks default judgment as a remedy for Defendants' purported actions. But this sanction requires a showing of bad faith, which Plaintiff fails to establish. *Jones*, 809 F.3d at 580. Plaintiff offers no evidence that Defendants Acosta or Sanchez intentionally destroyed, removed, or altered any video footage. *Turner*, 563 F.3d at 1149; *see also Lee v. Max Intern., LLC.*, 638 F.3d 1318, 1321 (10th Cir. 2011) (noting that the Federal Rules of Civil Procedure protect those who lack control over the requested materials from sanctions). Instead, Plaintiff relies primarily on the existence of gaps in the footage to infer that the missing material was purposefully destroyed.[2] Doc. 211 at 3 ¶ 5. But the mere existence of missing footage,

---

[2] Plaintiff also baldly asserts several unsubstantiated claims such as "NMCD had the personnel and the capability to edit the videos at issue, and they did in bad faith, despite the fact that it is alleged that permission to edit the videos was not requested or approved." Doc. 233 at 3-4 ¶ 6.

without evidence that Defendants intentionally caused its absence, does not demonstrate willful destruction of evidence.

In his Reply, Plaintiff also invites this Court to consider the "lesser sanction" of a spoliation inference instruction. Doc. 233 at 11 ¶ 19. Specifically, Plaintiff requests that the Court give this instruction "if the court finds that the video at issue was not edited and that the video was lost only to negligence[.]" Doc. 233 at 11 ¶ 19. But in federal court, "[a]n adverse inference is a powerful sanction as it 'brands one party as a bad action' and 'necessarily opens the door to a certain degree of speculation by the jury, which is admonished that it may infer the presence of damaging information in the unknown contents of an erased [record]." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900-01 (8th Cir. 2004)). Thus, a party must put forth evidence of intentional destruction or bad faith before a litigant is entitled to the spoliation instruction. *Aramburu*, 112 F.3d at 1407. As Plaintiff has not provided any evidence of intentional destruction of the videos or bad faith, the imposition of adverse inferences is unwarranted here. *Id.*; *see also Reedy v. Werholz*, 660 F.3d 1270, 1274 (10th Cir. 2007) ("The general rule in [the Tenth Circuit] is that a

---

Plaintiff also claims that NMCD kept electronic evidence "in a bad faith fashion to thwart inmates from the evidence they need to support their allegations of excessive force[.]" Doc. 211 at 4 ¶ 9. Plaintiff comes to this conclusion based on the testimony of Chief Information Officer Jerry Brinegar, who stated "the electronic evidence that existed was maintained in accordance with the NMCD policy." Doc. 233 at 4 ¶ 8; Doc. 226-5 at 2 ¶ 9 (Brinegar Affidavit). In other words, Plaintiff invites this Court to infer that NMCD's use of a centralized server, the system's alleged reliability issues, and Defendants' purported knowledge of those issues, indicate bad faith. *See* Doc. 233 at 8 ("NMCD knew that they had a faulty video system before the incident at issue, and they perpetuated the system in bad faith to avoid giving inmates like [Plaintiff] the evidence needed to support their prima facie cases . . . the NMCD was involved in the 'willful destruction of evidence.'"). I decline to make this inference. Even assuming Defendants Acosta or Sanchez had control over the three videos, Plaintiff identifies no evidence that any party or nonparty failed to correct the system with the intent to destroy the video evidence here.

party waives issues and arguments raised for the first time in a reply brief."). Accordingly, I recommend denying Plaintiff's request for a spoliation inference instruction.

Finally, Plaintiff asks this Court to "strike the attorney fees order issued against plaintiff's counsel[,]" presumably referring to Doc. 125, Order Setting Amount of Attorneys' Fees. Plaintiff offers no basis in law for this Court to award this form of relief under Rule 37(e). *See* Doc. 233 at 6-7 ¶ 14 ("[P]laintiff is seeking sanctions pursuant to Federal Rule of Civil Procedure 37(e)[.]"); *see also* Fed. R. Civ. P. 37(e) (listing remedies if electronically stored information is lost and cannot be restored or replaced through additional discovery). The remedies a court may authorize "once a finding of prejudice is made" are limited to those "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. Even assuming Plaintiff could establish prejudice from the missing portions of the video evidence, striking an order requiring his counsel to pay attorney's fees would not cure that prejudice.

Furthermore, Plaintiff has already filed a Motion for Reconsideration regarding Doc. 125, in which Plaintiff's counsel asked this Court to reconsider the order awarding attorney's fees against her. *See* Doc. 127. The Court denied Plaintiff's motion in part, declining to withdraw the portion of its order that required Plaintiff's counsel to pay a sanction in the amount of $13,614.35. *See* Doc. 153 (finding Plaintiff's counsel unable to pay the sanctions within 30 days from the date of the order). For these reasons, I recommend that the Court deny Plaintiff's request to strike Order 125 and deny his Motion for Spoliation Sanctions.

Although the three videos skip over portions of Plaintiff and Defendants' altercation, Plaintiff's inability to show bad faith does not permit his requested spoliation sanctions. Nor are lesser spoliation sanctions warranted here. *See* Fed. R. Civ. P. 37(e) (allowing courts to "order

measures no greater than necessary to cure the prejudice"). Plaintiff has not demonstrated that Defendants Acosta or Sanchez had control over the three videos. Thus, they lack the necessary culpability required for the spoliation of evidence. *See* Doc. 226 at 18 ("[T]he Individual Defendants had no control over the broadband capabilities of the NMCD's camera and server system, nor over the copies of the videos[.]"); *Jones*, 809 F.3d at 581 ("Defendants here lack the level of culpability required for the spoliation of evidence outside of their control.").

Plaintiff also fails to demonstrate actual prejudice. *Browder*, 209 F. Supp. 3d at 1245 ("The two most important factors the Court considers in determining spoliation sanctions are (1) culpability of the offending party; and (2) actual prejudice to the other party."). Plaintiff claims general prejudice against inmates, Doc. 233 at 5 ¶ 11, and inability to corroborate his account, *id.* at 6 ¶ 12, Doc. 211 at 2 ¶ 7. Plaintiff's arguments, however, are theoretical and fail to demonstrate actual prejudice by the gaps in the videos. *Turner*, 563 F.3d at 1150; *see, e.g.*, Doc. 211 at 4 ¶ 7 (assuming Defendant Sanchez's brother will testify against Plaintiff and that his brother "might not remember the facts of the case.").

The gaps in the video evidence can be addressed in other ways. For example, "[c]ourts have noted that where evidentiary issues do not rise to the level of spoliation, cross-examination can patch the holes in the record." *Lamb v. Cordero*, 1:22-cv-00485-WJ-LF, 2024 WL 2890539, at *4 (D.N.M. June 10, 2024). In *Estate of Trentadue ex rel. Aguilar v. United States*, for example, the Tenth Circuit considered the fact that the individual who allegedly destroyed evidence had his credibility tested on cross examination. 397 F.3d 840, 862 (10th Cir. 2005). At this time, however, because Plaintiff has not demonstrated culpability or actual prejudice, he is not entitled to spoliation of evidence sanctions.

## II. Defendants' Motion to Seal Confidential Exhibits to Defendant's Response to Plaintiff's Motion for Spoliation Sanction (Doc. 255)

Defendants filed their Motion to Seal with their response in opposition to Plaintiff's Motion for Spoliation Sanctions. Doc. 255. Defendants ask this Court for leave to file Exhibits A, G, and I under seal, explaining that these exhibits are protected under the parties Stipulated Confidentiality Order (Doc. 179). *See* Doc. 225 at 1. Plaintiff did not file a response to the Motion to Seal, and therefore consents to it. D.N.M. LR-Civ. 7.1(b).

This, however, does not end the analysis. Although Plaintiff does not oppose Defendants' Motion to Seal, the public retains an interest "in understanding disputes that are presented to a public forum for resolution . . . to assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). In determining whether to exercise its discretion to seal a record, trial courts must consider the facts and circumstances of the individual case, to include weighing the parties' interests. *Riker v. Fed. Bureau of Prisons*, 315 Fed. App'x 752, 755 (10th Cir. 2009).

Here, the parties agreed to a Stipulated Confidentiality Order. Doc. 179. The Order, however, does not automatically entitle the parties to seal confidential information filed with the court. *See* Doc. 179 at 3 ¶ (f). Instead, it requires the party submitting confidential information to file a motion to seal. Doc. 179 at 4-5 ¶ (k). When the party filing the document is also the designating party, the motion must include a declaration identifying the confidential information and explaining why the document is sealable. Doc. 179 at 5 ¶ (k).

Defendants have complied with these procedural requirements. Defendants also declare that Exhibits A, G, and I have previously been maintained confidentially and have not been available to the public under subsections (d)(1) or (d)(3) of the Order. Doc. 225. *But see Mann*,

477 F.3d at 1149 (requiring party seeking to overcome the presumption of public access). Those subsections provide that documents are to remain confidential when they contain:

> (1) [] [P]roprietary information; restricted information; law enforcement sensitive information; information not for release; material obtained from confidential sources or informants; confidential law enforcement records; or information that, if disclosed to any inmate or the public would potentially endanger inmates (including Plaintiff), New Mexico Corrections Department staff or third parties or negatively impact the security of any New Mexico Corrections Department facility; [] or
>
> (3) It is a public record that is exempt from disclosure to the public pursuant to the New Mexico Inspection of Public Records Act or is otherwise confidential as provided by law.

Doc. 179 at 2.

Based on my review of Exhibits A, G, and I, I find that Defendants have provided sufficient grounds to keep the exhibits sealed. The private interest in protecting NMCD facility security and proprietary information regarding disciplinary processes outweigh the public's right of access to these records. *See also Yazzie v. Gov't Emps. Ins. Co.*, 1:16-cv-01085-KK-LF, 2017 WL 4063811 at *2 (D.N.M. Sept. 12, 2017) (finding that certain documents filed with the Court under seal were subject to the confidentiality order and should remain sealed).

Accordingly, I recommend finding that the Attachment filed with Defendants' Response in Opposition to Plaintiff's Motion for Spoliation Sanctions (Doc. 227) contains confidential information, and recommend it be ordered to remain sealed.

**RECOMMENDATION**

Plaintiff has not established that Defendants engaged in bad faith in destroying or editing any of the three videos. In the absence of showing bad faith, this Court may not grant Plaintiff the spoliation sanctions—default or adverse inference—requested. Additionally, Plaintiff identifies no legal basis for this Court to strike its Order in Doc. 125, particularly where the Court has already considered and rejected Plaintiff's prior challenges requiring counsel to pay

$13,614.35 in sanctions. Lesser spoliation sanctions are also not warranted because Plaintiff failed to demonstrate culpability or prejudice.

For the reasons discussed above, I recommend that the Court:

1. **DENY** Plaintiff's Motion for Spoliation Sanctions (Doc. 211); and
2. **GRANT** Defendants' Motion to Seal (Doc. 255).

**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**